## Case No. 15,295.

### UNITED STATES v. HANCOCK.

[3 Cranch, C. C. 81.] [1]

Circuit Court, District of Columbia. April Term, 1827.

BASTARDY—RECOGNIZANCE—BY WHOM PROCEEDINGS TO BE INSTITUTED.

In the county of Alexandria, a justice of the peace has no authority to take the recognizance required by the Virginia act of December 26, 1792, p. 183, § 23, in a case of bastardy, unless upon application by an overseer of the poor of the county. Quære, whether that section is in force in the county of Alexandria?

The defendant [Andrew Hancock] had been brought before a justice of the peace in the county of Alexandria, as the reputed father of a bastard child, upon the application of the mayor of the town of Alexandria, who is ex officio a trustee of the poorhouse and work-house. The justice required him to enter into a recognizance, with security in the sum of thirty dollars, to appear before this court, and to abide by and perform the order of the court, agreeably to the 23d section of the Virginia act of December 26, 1792.

Mr. Taylor, for defendant, contended that the Virginia law gives the jurisdiction only to the county court; but this court derives no jurisdiction from the laws of Virginia, which give jurisdiction to their respective courts. The act of congress of March 3, 1801 (2 Stat. 115), enumerates certain powers of the county courts of Virginia, and confers them on this court, but not this power in cases of bastardy. It is not a criminal case; it is merely a precau-

tionary remedy, to be granted only on the application of the overseers of the poor; it is merely a police regulation, not adopted by the act of congress of February 27, 1801 (2 Stat. 103), because it is not applicable to the circumstances of the county of Alexandria since its separation from Virginia, and cannot be carried into effect here. The recognizance, by the Virginia law, is to the "governor of Virginia." If the party charged will not give the security required, he is to lay in jail until discharged under the insolvent law of Virginia. If the recognizance is given to the United States, instead of the governor of Virginia, the party cannot be discharged under the insolvent law of the District of Columbia.

Mr. Swann, for the United States, contended that the public good required that the jurisdiction should be supported; that it is a criminal case, and this court has a general criminal jurisdiction; that this court has all the powers of the district courts and the county courts of Virginia; that the Virginia law, if in force here. gives the party the right to a discharge under the insolvent law of the district, although, nominally, the recognizance is to the United States, yet it is for the use of the county. The United States has no interest in it.

THE COURT (nem. con.) was of opinion that the magistrate could not require the recognizance, unless upon the application of an overseer of the poor of the county.

Recognizance discharged.